UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re                                                    Case No. 06-10064 (SMB)

MUSICLAND HOLDINGS CORP., *et al.*,[1]                   Chapter 11

                              Debtors.                   Jointly Administered

---------------------------------------------------------------X

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MUSICLAND HOLDINGS
CORP., *et al.*,


                              Plaintiff,                 Adv. Proc. No. 06-          (SMB)


          - against -


VIDEO PRODUCTS DISTRIBUTORS, INC. and
V.P.D. IV, INC.,

                              Defendants.

---------------------------------------------------------------X


**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
AND/OR FRAUDULENT TRANSFERS, AND FOR OTHER RELIEF**

          Plaintiff, the Official Committee of Unsecured Creditors ("Plaintiff" or the "Committee")

of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and

through their counsel Hahn & Hessen LLP, hereby files this Complaint to Avoid and Recover

Preferential and/or Fraudulent Transfers and, in support thereof, states:


**NATURE OF THE ACTION**

          1.      This is an adversary proceeding brought in the above-captioned bankruptcy cases

pursuant to Part VII of the Bankruptcy Rules seeking to avoid certain preferential and/or

---

[1]      The Debtors are: Musicland Holding Corp., Media Play, Inc., MG Financial Services, Inc., MLG Internet, Inc., Musicland Purchasing Corp., Musicland Retail, Inc., Request Media, Inc., Sam Goody Holding Corp., Suncoast Group, Inc., Suncoast Holding Corp., Suncoast Motion Picture Company, Inc., Suncoast Retail, Inc., TMG Caribbean, Inc., TMG-Virgin Islands, Inc., and The Musicland Group, Inc.

871115.009 - 1225845.1

fraudulent transfers made by the Debtors to the above-captioned defendants Video Products

Distributors, Inc. and V.P.D. IV, Inc. (collectively, the "Defendants") and to recover the value

thereof, pursuant to 11 U.S.C. (the "Bankruptcy Code") §§ 547, 548, 550 and 551.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§ 1334(b).

3.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C.

§ 157(a).

4.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(F).

5.      Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C.

§ 1409(a).

## PARTIES

6.      On January 12, 2006 (the "Petition Date"), the Debtors commenced with this

Court, voluntary cases (the "Cases") under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code").

7.      On January 20, 2006, the United States Trustee for the Southern District of New

York appointed seven of the Debtors' largest unsecured creditors to the Committee.

8.      Since the Petition Date, the Debtors have been managing their affairs and

conducting their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the

Bankruptcy Code.

9.      On February 21, 2006, this Court entered an order (the "DIP Order") approving

the Debtors' motion for post-petition financing (the "DIP Motion") which, *inter alia*, provided,

pursuant to section 4.6.3, the Committee with sixty days from the date of appointment of counsel

to the Committee to file certain claims against the "Secured Trade Creditors" (the "DIP STC

Claims").

10.     Pursuant to several so-ordered stipulations, the Committee's time to file the DIP

STC Claims was extended up to and including November 3, 2006.

11.     Upon information and belief, Defendants are (a) corporations or other legal

entities incorporated and/or formed under California law and (b) have been identified as Secured

Trade Creditors under section 4.6.3 of the DIP Order or by their counsel.

## THE TRANSFERS

12.     On or within 90 days prior to the Petition Date (the "Preference Period"),

Musicland Purchasing Corp. ("MPC"), one of the Debtors, made one or more monetary transfer

to or for the benefit of the Defendants, as set forth on Exhibit "A" annexed hereto (the "Known

Monetary Transfers").  The list of transfers on Exhibit "A" does not include payments which

were made one (1) day after the invoice date, on the invoice date or prior to the invoice date, as

the Committee believed that such transfers were be considered either prepayments or

contemporaneous exchanges, and thus not recoverable as preferences (the "Prepayments").

13.     Exhibit "A" reflects the Committee's present knowledge of the monetary transfers

made to the Defendants by MPC.  During the course of this proceeding the Committee may learn

(through discovery or otherwise) of additional monetary transfers made by MPC or any of the

other Debtors to the Defendants during the Preference Period or that a Prepayment was in fact an

avoidable transfer.  The Committee is seeking to avoid and recover all such monetary transfers,

whether such monetary transfers presently are reflected on Exhibit "A" or not.  Collectively, all

avoidable monetary transfers made by the Debtors to or for the benefit of the Defendants during

871115.009 - 1225845.1

the Preference Period (whether such monetary transfers presently are reflected on Exhibit "A" or

not) are referred to herein as the "Monetary Transfers".

14.    During the Preference Period, the Debtors returned various goods to or for the

benefit of the Defendants.  Those returns and their value are reflected in various chargebacks

which are set forth on Exhibit "B" annexed hereto (the "Known Returned Goods Transfers").

15.    Exhibit "B" reflects the Committee's present knowledge of the returned goods

made by the Debtors to the Defendants.  During the course of this proceeding the Committee

may learn (through discovery or otherwise) of additional returned goods made by the Debtors to

the Defendants during the Preference Period.  The Committee is seeking to avoid and recover the

value of all such transfers, whether such transfers presently are reflected on Exhibit "B" or not.

Collectively, all avoidable transfers made by the Debtors of returned goods to or for the benefit

of the Defendants during the Preference Period (whether such transfers presently are reflected on

Exhibit "B" or not) are referred to herein as the "Returned Goods Transfers", collectively with

the Monetary Transfers, the "Transfers").

## FIRST CAUSE OF ACTION
### (Preference Claim Against the Defendants)

16.    The Committee repeats and realleges paragraphs "1" through "15" hereof as if

fully set forth herein.

17.    The Transfers were made within 90 days prior to the Petition Date.

18.    The Transfers were transfers of an interest of one or more of the Debtors in

property.

19.    The Transfers were made to or for the benefit of the Defendants, creditors of one

or more of the Debtors.

871115.009 - 1225845.1

20.     The Transfers were made for or on account of antecedent debts owed to the Defendants by one or more of the Debtors before such Transfers were made.

21.     The Transfers were made while the Debtors were insolvent.

22.     The Transfers enabled the Defendants to receive more than the Defendants would receive if: (i) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendants received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

23.     The Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code § 547 and are recoverable from the Defendants pursuant to Bankruptcy Code § 550.

## SECOND CAUSE OF ACTION
### (Fraudulent Transfer Claim Against the Defendants)

24.     The Committee pleads this Second Cause of Action in the alternative and restates and realleges the allegations of paragraphs "1" through "23" above as if fully set forth herein. The Committee brings this Second Cause of Action in the event that the Defendants asserts that one or more of the Transfers was made on behalf of a Debtor other than the Debtor that owed the corresponding antecedent debt.

25.     The Transfers constitute transfers of an interest of the Debtors in property.

26.     The Debtors received less than a reasonably equivalent value in exchange for the Transfers.

27.     The Debtors (i) were insolvent on the date that the Transfers were made, or became insolvent as a result of the Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the

- 5 -

Debtors was an unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

28.     The Transfers constitute fraudulent transfers which should be avoided pursuant to Bankruptcy Code § 548 and are recoverable from the Defendants pursuant to Bankruptcy Code § 550.

### THIRD CAUSE OF ACTION
### (Disallowance of the Defendants' Proofs of Claim or Scheduled Claims)

29.     The Committee repeats and realleges the allegations of paragraphs "1" through "28" above as if fully set forth herein.

30.     The Defendants are entities from which property is recoverable under section 550 of the Bankruptcy Code and are transferees of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code.

31.     The Defendants have not paid the amount, or turned over such property, for which the Defendants are liable under section 550 of the Bankruptcy Code.

32.     To the extent that the Defendants currently possess filed or scheduled claims (or a portion thereof) against the Debtors which have not been transferred or assigned to an unrelated party who is not a member of the Secured Trade Creditors Committee (as defined in the DIP Motion) (the "Claims"), the Claims should be disallowed until the Transfers are repaid in full to the Debtors pursuant to section 502(d) of the Bankruptcy Code.

**WHEREFORE,** for the foregoing reasons, the Committee respectfully requests the following relief:

A.     That the Transfers be avoided;

B.     That judgment be entered in favor of the Committee and against the Defendants, in an amount at least $1,698,875.37 (plus such additional transfer amounts that the Committee

871115.009 - 1225845.1

learns, through discovery or otherwise, were made by the Debtors to the Defendants during the

Preference Period), plus interest at the legal rate from the date of the Transfers, together with all

costs of this action;

C.      That the Claims be disallowed until the Transfers are repaid to the Debtors

pursuant to 11 U.S.C. § 502(d); and

D.      That the Committee be granted such other and further relief as is just and proper.

Dated:  New York, New York
        November 3, 2006

**HAHN & HESSEN LLP**


*/s/ Mark S. Indelicato*
Mark S. Indelicato (MI-1459)
Mark T. Power (MP-1607)
Edward L. Schnitzer (ES-6299)
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Counsel to The Official Committee of Unsecured*
*Creditors of Musicland Holding Corp., et al.*

871115.009 - 1225845.1